UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE ESTATE OF STANTON VOLLMAN,

Civil Action No.:

            Plaintiff,

   v.

**COMPLAINT**

UNITED STATES DEPARTMENT OF VETERANS
AFFAIRS, UNITED STATES DEPARTMENT OF
JUSTICE, DENISE GATTO, FRANK
DIPIETRANTONIO, ROSA DIPIETRANTONIO and
NEW YORK PUBLIC RADIO, INC.,

            Nominal Defendants.

---

Plaintiff, the Estate of Stanton Vollman, by and through its Executrix, Elena Portales, by

and through her attorneys, Lipsky Portales, P.A., by way of Complaint ("Complaint") against

Nominal Defendants United States Department of Veterans Affairs, United States Department of

Justice, Denise Gatto, Frank DiPietrantonio, Rosa DiPietrantonio and New York Public Radio,

Inc., alleges as follows:

## SUMMARY OF THE ACTION

1.      Plaintiff Estate of Stanton Vollman (the "Estate"), by and through its executrix,

Elena Portales (the "Executrix"), brings this action seeking a declaratory judgment that the

Executrix's distribution of sixty percent (60%) of the residuary of the Estate to Denise Gatto, an

employee of the United States Department of Veteran's Affairs, would not subject her or the

Estate to: (a) criminal liability pursuant to 18 U.S.C. §209; or (b) civil liability based on 5 CFR

§2635.201 et seq.

2.      Stanton Vollman died testate on June 27, 2020.  Stanton Vollman's Last Will and Testament (the "Will") was probated in the Surrogate's Court of the State of New York, County of Queens, File No. 2020-4285. A copy of the Will is annexed hereto as **Exhibit "A."**

3.      The Queens County Surrogate's Court appointed Elena Portales, Esq., as the Executrix of the Estate of the Stanton Vollman (the "Letters Testamentary").  A copy of the Letters Testamentary of the Estate are annexed hereto as **Exhibit "B."**

4.      Elena Portales, in her capacity as the Executrix of the Estate appointed by the Queens County Surrogate, has a non-discretionary duty to carry out the directives set forth in the Last Will and Testament of the decedent, Stanton Vollman (the "Decedent").

5.      Included in these duties, is the obligation to distribute the residurary assets of the Estate – after payment of Estate obligations and expenses – to Estate beneficiaries.  This duty is not discretionary in nature, but mandatory.

6.      Nominal Defendant Denise Gatto is named in the Will as a twenty percent (20%) residuary beneficiary of the Estate.  Due to the fact that one of the named-beneficiaries of the Will disclaimed her share of the Estate, Denies Gatto is now set to receive sixty percent (60%) of the residuary of the Estate.

7.      The amount of the residuary Estate cannot be calculated with precision at this time, but the gross estate at Decedent's date of death was estimated at approximately $7.9 Million.  Based on this estimate, a sixty percent (60%) share of the gross residuary Estate as of the date of death results in a gross value of approximately $4.74 million.

8.      18 U.S.C. §209 imposes criminal liability on any employee of the VA (or other member of the executive branch) who receive compensation for services rendered in their capacity as an employee of the VA from any source other than the VA.

9.      18 U.S.C. §209 also imposes criminal liability on any person (other than VA) from paying any compensation to any employee of the VA as compensation for services rendered in their capacity as an employee of the VA.

10.      Denise Gatto is currently an employee of the VA. Denies Gatto, as a registered nurse, provided nursing services to Decedent while he was a patient at a VA hospital from 2014 until March 28, 2019.

11.      Plaintiff, however, does not believe that payment of a portion of the Estate residuary to Nominal Defendant Gatto would be in violation of 18 U.S.C. §209 based on a series of facts including, but not limited to, the following:

- Denise Gatto had a long-standing, five (5) year social relationship with Stanton Vollman outside of her official nursing duties;

- Stanton Vollman was a smart, strong-willed individual who never disclosed to Denise Gatto his intention to provide for in her in his Will and, in fact, the Will explicitly directed that no beneficiary (including Denise Gatto) be made aware that they were left a bequest in Stanton Vollman's Will;

- Stanton Vollman changed his will no less than six (6) times in the last five (5) years he was alive and listed Denise Gatto as a beneficiary in the last five (5) of his wills;

- The Will was prepared and executed by the Decedent (February 13, 2020) approximately a year after Denise Gatto ceased providing any services to Decedent while a patient at the VA (March 28, 2019);

- From March 28, 2019 until February 2020, Stanton Vollman and Denise Gatto spoke by phone multiple times per week (approximately 100 telephone calls in total);

- Stanton Vollman had absolutely no living family who could inherit his Estate in the event he died intestate; and

- Stanton Vollman repeatedly expressed his desire to his personal attorney who drafted the Will (Elena Portales) that, irrespective of Denise Gatto's role as an employee of the VA, he wanted to provide for her in his Will because he believed she was his friend. That is, Stanton Vollman

expressed to his attorney that he wanted to provide a portion of his estate to one of the few people he believed truly cared about him as a person and who was his friend.

12.     In short, the Executix brings this action because she is faced with an insoluble dilemma.  She has a duty to fulfill the express wishes of the Decedent-testator and believes that to effectuate Decedent's intent would not violate 18 U.S.C. §209.  However, in the event the Executor is mistaken, she could be subject to criminal liability for fulfilling her statutory and fiduciary duties as Executrix.

13.     To further complicate matters, in the event that it is determined that any bequest paid to Denise Gatto would be in violation of 18 U.S.C. §209 or related federal laws, one of the entities who would become the beneficiary of this bequest would actually be the VA itself.

14.     That is, the Clubhouse Volunteer Services at the Manhattan VA – which is a community based program of the VA – is listed in Decedent's Will as a contingent beneficiary of Decedent's residuary estate.  In short, if Denise is unable to accept the bequest, Nominal Defendant VA would receive fifty percent (50%) of Denise's share and Nominal Defendant New York Public Radio, Inc. d/b/a New York Public Radio Station WQXR ("New York Public Radio") would receive the other fifty percent (50%) of Denise's share.

15.     Accordingly, Plaintiff brings action, pursuant to 28 U.S.C. §2201, for a declaration regarding the Executrix's legal rights and responsibilities relative to 18 U.S.C. §209 and related federal laws and regulations.

## PARTIES

16.     Plaintiff the Estate of Stanton Vollman is an estate arising from the probating of Stanton Vollman's last will and testament before the Queens County Surrogate's Court.

17.     Nominal Defendant United States Department of Veteran's Affairs (the "VA") is an executive branch department of the United States government charged with providing healthcare services to military veterans at medical centers throughout the country.  Nominal Defendant VA is a contingent residuary beneficiary of the Estate.

18.     Nominal Defendant United States Department of Justice is a federal executive department of the United States government tasked with the enforcement of federal law and administration of justice in the United States.

19.     Nominal Defendant Denise Gatto is an individual who resides at 11259 Aspen Glen Drive, Boynton Beach Florida 33437.  Denise Gatto is named as one of the residuary beneficiaries in the probated Will of Stanton Vollman.

20.     Nominal Defendant Frank DiPietrantonio is an individual who resides at 86 Alexandra Avenue, Yonkers, New York.  Frank DiPietrantonio is named as one of the residuary beneficiaries in the probated Will of Stanton Vollman.

21.     Nominal Defendant Rosa DiPietrantonio is an individual who resides at 86 Alexandra Avenue, Yonkers, New York.  Rosa DiPietrantonio is the spouse of Frank DiPietrantonio.  Rosa DiPietrantonio is named as one of the residuary beneficiaries in the probated Will of Stanton Vollman.

22.     Upon information and belief, Nominal Defendant New York Public Radio, Inc. is a New York non-profit company with a business address at 160 Varick Street, Floor 7, New York, New York 10013. Nominal Defendant New York Public Radio, Inc. is a contingent residuary beneficiary of the Estate.

## JURISDICTION AND VENUE

23.     This court has subject matter jurisdiction pursuant to 18 U.S.C. §209, 5 CFR 2365.201 et seq. and 28 U.S.C. §2201.

24.     Specifically, this Court has jurisdiction to make a determination regarding the Executrix's legal rights and responsibilities relative to 18 U.S.C. §209 and related federal laws.

25.     This Court has personal jurisdiction over Nominal Defendant VA as it maintains offices and health facilities in New York City, New York.

26.     This Court has personal jurisdiction over Nominal Defendant United States Department of Justice (the "DOJ") because the DOJ maintains offices in New York City, New York.

27.     This Court has personal jurisdiction over Nominal Defendants Frank and Rosa DiPietrantonio as they reside in the State of New York.

28.     This Court has personal jurisdiction over Nominal Defendant Denise Gatto because the conduct that gives rise to the question of the nature of her relationship with the Decedent took place in New York, New York.   Further, upon information and belief, Nominal Defendant Denise Gatto voluntarily consents to the jursidiction of this Court.

29.     This Court has personal jurisdiction over Nominal Defendant New York Public Radio as it conducts business in New York, New York.  New York Public Radio is a contingent beneficiary of the Esstate.

## STANTON VOLLMAN

30.     Stanton Vollman was 89 years old when he passed away.

31.     Stanton Vollman was an intelligent, articulate, and educated individual.

32.     Although he suffered from a number of physical ailments during the last years of his life, Stanton Vollman remained very lucid and well-spoken right up until his passing.

33.     Due to his physical ailments, Stanton Vollman lived the last few years of his life at a number of nursing homes, the last one being the St. Albans VA in Jamaica, Queens.  While living at St. Albans, he continued his past-time of solving differential equations and listening to classical music.

34.     During this period, Mr. Vollman actively managed his financial affairs because he did not believe in using stockbrokers or financial advisors.  Mr. Vollman invested only in stocks that were listed on the S&P 500 Dividend Aristocratic list.  He purchased stocks solely through direct registration (i.e., book entries) and never purchased stock certificates.

35.     At the time of his death, Mr. Vollman was actively managing his stocks in fifty-eight (58) different companies with a market-value of approximately $7.6 million.

## STANTON VOLLMAN'S LAST WILL AND TESTAMENT

36.     In May 2018, Stanton Vollman retained Elena Portales, Esq. to prepare estate planning documents for him, including his will.  Ms. Portales was referred to Mr. Vollman by the Hudson County Bar Association.  Prior to this time, Mr. Vollman had a separate attorney who drafted his estate planning documents in December 2015 and April 2018.

37.     From June 2018 until February 2020, Stanton Vollman revised his will on four (4) different occasions.

38.     Denise Gatto was named as one of the residuary beneficiaries of Mr. Vollman's estate in his April 2018, June 2018, March 2019, October 2019 and February 13, 2020 (and final) wills.

39.     Mr. Vollman also named two family friends, Frank and Rosa DiPietrantonio, and a health practitioner, Dr. Victoria Cressman, as residuary beneficiaries in his last five executed wills. Mr. Vollman changed the percentages left to each of the beneficiaries in his various wills.

40.     In his various wills, Denise Gatto was listed as a beneficiary receiving between ten percent (10%) and forty percent (40%) of his residuary estate as well as specific bequests.

41.     In his last will and testament (the "Will"), Mr. Vollman bequeathed (a) twenty percent (20%) of his residuary estate to Denise Gatto; (b) twenty percent (20%) of his residuary estate to his friend, Frank DiPietrantonio; (c) twenty percent (20%) of his residuary estate to his friend, Rosa DiPietrantonio; and (d) forty percent (40%) of his residuary estate to Dr. Cressman.

42.     Mr. Vollman also had two specific bequests in his Will, a gift of $10,000 to Nominal Defendant New York Public Radio and a $25,000 gift to the "Clubhouse" at the Manhattan's Veteran's Administration, an organization operated by Nominal Defendant VA.

43.     Dr. Cressman renounced and declined her interest in Mr. Vollman's will. As a result, Article Four of the Will provided that Denise Gatto was entitled to Dr. Cressman's forty percent (40%) share of his residuary estate. When this is coupled with Denise Gatto's original twenty percentage (20%) share, the Will provides she is now entitled to sixty (60%) of the residuary of Mr. Vollman's estate.

## STANTON VOLLMANS' RELATIONSHP WITH DENISE GATTO

44.     Stanton Vollman had no next of kin. His last remaining family member, his sister, died in 2015.

45.     Stanton Vollman met Denise Gatto while he was receiving treatment at an outpatient clinic at the VA's Manhattan Campus located at 423 East 23rd Street, New York, New York in 2014.

46.     Ms. Gatto was Mr. Vollman's nurse at the Manhattan VA during the next five (5) years and a friendship developed between them as they would speak with one another on a weekly basis.

47.     In March 2019, Ms. Gatto told Mr. Vollman she would no longer be working at the Manhattan VA.  In response, Mr. Vollman asked if they could continue to speak with one another by telephone.  Ms. Gatto stated she would be happy to continue speaking with him.

48.     Ms. Gatto's last day of work at the Manhattan VA was on March 28, 2019.

49.     From the end of March 2019 until Mr. Vollman's passing in June 2020, Ms. Gatto spoke with Mr. Vollman by telephone multiple times on a weekly basis.  During these approximately one-hundred (100) conversations, Mr. Vollman would talk about his past, current events, his love of classical music and the opera.

50.     Ms. Gatto, also while no longer working at the Manhattan VA or providing any nursing services to Mr. Vollman, assisted him with purchasing math books and CDs of classical music and opera.

51.     In discussions with his attorney, Elena Portales, in preparing his Will, Mr. Vollman told Ms. Portales that he believed Ms. Gatto was his friend and that he wanted her to share in his estate.

52.     Mr. Vollman also told Ms. Portales that he was careful to never discuss his assets or financial situation with Ms. Gatto or anyone else at the VA, and that he never told Ms. Gatto that he intended to make her a beneficiary in his will.  In fact, the Will explicitly provides that "[n]one of my beneficiaries knows of their bequests, gifts and legacies and all my decisions regarding my Will were made by me alone . . ."

53.     Simply stated, during the last years of his life, he believed his only friends included Denise Gatto and Rosa and Frank DiPietrantonio.  As a result, it was extremely important to him that he provided for them in his Will.

### 18 U.S.C. §209(a)

54.     18 U.S.C. §209(a) is a criminal statute prohibiting payment by, or receipt of payment from, a private party as supplemental compensation for services as an officer or employee of the executive branch of the United States government.

55.     The United States Supreme Court in Crandon v. United States, 494 U.S. 152 (1990) issued a ruling interpreting 18 U.S.C. §209 (the "Criminal Statute").

56.     Crandon concerned an action brought by several privately employed persons who resigned or took early retirement from the Boeing Company ("Boeing") to accept important positions in the federal government.

57.     Upon termination from Boeing, but prior to becoming federal employees, Boeing made a lump-sum payment to each employee designed to mitigate the substantial financial loss each employee expected to suffer by reason of his change of employment.  In addition, each payment was made by Boeing unconditionally.

58.     The United States filed a civil complaint alleging the payments violated 18 U.S.C. §209.

59.     The Supreme Court found the severance payments did not violate the Criminal Statute because the payments were one-time unconditional payments made to the individuals while they were not employees of the federal government.

60.     Upon information and belief, Denise Gatto intends to shortly retire as an employee of the VA and, thus, would not be an employee of the VA at the time any distribution would be made to her by the Estate.

61.     In addition, the Supreme Court in Cranford noted that any advisory opinion made by the executive branch concerning the applicability of 18 U.S.C. §209 is not entitled to any deference by the Courts.

**THE CODE FOR ETHICAL CONDUCT OF EXECUTIVE BRANCH EMPLOYEES**

62.     The Standards of Ethical Conduct for Employees of the Executive Branch (the "Code"), under 5 CFR Part 2635, state generally that employees are not entitled to accept any gift or other item of monetary value from any person or entity seeking offical action from, doing business with, or conducting activities regulated by the employee's agency, or whose interests may be substantially affected by the performance or nonperformance of the employee's duties."

63.     5 C.F.R. 2635.204(4) specifically provides that a gift motivated by a "personal or family relationship rather than the position of the employee" does not violate 5 CFR Part 2635.

64.     Here, it is clear that Mr. Vollman wanted, in his last will in testament, to provide a portion of his estate to one of the few individuals he believed was his personal friend.

65.     He did not provide or promise to provide this testamentary bequest based on Ms. Gatto's position as a nurse at the VA.  He did not provide or promise to provide this testamentary bequest to obtain special favor or treatment from Ms. Gatto in her position (at one time) as his nurse at the VA.

66.     Rather, he never even told Ms. Gatto that he intended to leave her a portion of his estate in his Will.  That is, Ms. Gatto could never have been influenced by Mr. Vollman's bequest because she never knew about its existence.

11

67.     Furthermore, the fact that Mr. Vollman and Ms. Gatto continued their personal relationship for nearly a year after Ms. Gatto ceased being his nurse, and without Ms. Gatto having any expectation of receiving any renumeration from Mr. Vollman, demonstrates that Mr. Vollman and Ms. Gatto's relationship was that of a personal friendship at the time he prepared his Will and at the time passed away in June 2020.

68.     Mr. Vollman also continued to designate Ms. Gatto as a beneficiary in his last three (3) wills after he learned that Ms. Gatto would be leaving the Manhattan VA, where he received care.

## THE VA OFFICE OF GENERAL COUNSEL

69.     In 2020, Elena Portales, in her capacity as named executrix of the Estate, notified Denise Gatto that she was named as a beneficiary in Mr. Vollman's Will.

70.     Upon information and belief, in 2020, Denise Gatto requested an opinion from the federal government regarding whether she could accept Mr. Vollman's testamentary bequest.

71.     It has been well over three (3) years and Ms. Gatto still has not received an opinion letter in response to her request.

72.     Upon information and belief, the VA provided Ms. Gatto's request for an opinion letter to the Department of Justice's Office of Legal Counsel (the "DOJ Counsel").

73.     Upon information and belief, the DOJ Counsel referred the matter to the VA General Counsel.

74.     The VA, however, has a significant conflict of interest in issuing any decision or rendering any advisory opinion because in the event that Ms. Gatto declines or cannot accept Mr. Vollman's testamentary bequest, the VA would receive fifty percent (50%) of the gross estimated value of $4.74 million provided to Ms. Gatto in Mr. Vollman's Will.

75.     That is, Mr. Vollman's Will states in Article IV if Denise is unwilling or unable to accept the bequest provided to her in the Will, these monies would be shared equally by the VA Clubhouse and New York Public Radio. See Exhibit A at Article Four.

**COUNT I**
**(Declaratory Judgment Pursuant to 28 U.S.C. §2201)**

76.     Plaintiff repeats and reiterates the allegations set forth in the prior paragraphs of the Complaint as if fully set forth at length herein.

77.     Pursuant to 28 U.S.C. §2201, there is a justiciable controversy regarding whether: (a) Elena Portales, Esq. and/or the Estate can be subject to criminal liabiilty pursuant to 18 U.S.C. §209 if the Executrix fulfills her non-discretionary, fiduciary and statutory duties in distributing the bequest provided for in Mr. Vollman's Will to Ms. Gatto; (b) Elena Portales, Esq. and/or the Estate can be subject to civil liabiilty pursuant to 5 CFR §2635.201 et seq. if she fulfills her non-discretionary fiduciary and statutory duties in distributing the bequest provided for in Mr. Vollman's Will to Ms. Gatto; (c) Denise Gatto is subject to 18 U.S.C. §209 and 5 CFR §2635.201 et seq. if she receives Mr. Vollman's testamenary bequest while still an employee of the VA; and (d) Denise Gatto is subject to 18 U.S.C. §209 and 5 CFR §2635.201 et seq. if she receives Mr. Vollman's testamentary bequest while no longer an employee of the VA.

**WHEREFORE**, Plaintiff demands judgment be entered as follows:

A.     Declaring that Elena Portales can distribute and issue, and Denise Gatto can receive, the complete testamentary bequest provided in Stanton Vollman's Will;

B.     Declaring that Elena Portales can distribute and issue, and Denise Gatto can receive, the complete testamentary bequest provided in Stanton Vollman's Will even if Denise Gatto remains an employee of the VA at the time of the distribution;

13

C.     Declaring that Elena Portales can distribute and issue, and Denise Gatto can

receive, the complete testamentary bequest provided in Stanton Vollman's Will in

the event Denise Gatto is not an employee of the VA at the time of the

distribution; and

D.     Other such and further relief as this Court deems just.


LIPSKY PORTALES, P.A.
Attorneys for Plaintiff

By: _____
Sean M. Lipsky

DATED:  February 22, 2024