UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE ESTATE OF STANTON VOLLMAN

                Plaintiff,

                            24-cv-1366 (PKC)

      -against-                          ORDER

DENISE GATTO, FRANK DIPIETRANTONIO,
ROSE DIPIETRANTONIO,
ROSA DIPIETRANTONIO and
NEW YORK PUBLIC RADIO, INC.

                Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff, the Estate of Stanton Vollman, by and through its Executrix, Elena Portales, brings this action seeking a declaratory judgment that the Executrix's distribution of a residuary portion of the estate to defendant Denise Gatto would not subject her to criminal liability pursuant to 18 U.S.C. § 209 or civil liability pursuant to 5 CFR § 2365.201.  Plaintiff invokes subject matter jurisdiction through the Declaratory Judgment Act.  28 U.S.C. § 2201.  It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.  United States v. Bond, 762 F.3d 255, 263 (2d Cir. 2014) ("Subject matter jurisdiction is a 'threshold question that must be resolved . . . before proceeding to the merits.'").

        Here, the Complaint fails to adequately allege subject matter jurisdiction.  Under the Declaratory Judgment Act, "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ."  28 U.S.C. § 2201(a) (emphasis added).  "[T]he Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts."  Correspondent Services Corp. v. First Equities Corp. of Florida, 442 F.3d 767, 769 (2d Cir.

2006). Likewise, the statute provisions invoked by plaintiff, 5 CFR § 2365.201 and 18 U.S.C. § 209, do not provide the Court with subject matter jurisdiction. A plaintiff seeking to establish jurisdiction must show "an independent basis . . . before a district court may issue a declaratory judgment." Correspondent Services Corp., 442 F.3d at 769 (citing Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 94 F.3d 747, 752 (2d Cir. 1996)).

The Court notes that for diversity jurisdiction, section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that "all of the adverse parties in a suit be completely diverse with regard to citizenship." Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51 (2d Cir. 2000). For diversity purposes, "the citizenship of a decedent, not the executor, is the only citizenship pertinent . . . ." Johnson v. Smithsonian Institution, 80 F. Supp. 2d 197, 199 (S.D.N.Y. 2000) (Motley, J.) (citing Adler v. Adler, 862 F. Supp. 70, 72 (S.D.N.Y. 1994)).

Within thirty (30) days of this Order, plaintiff shall amend the Complaint to properly plead subject matter jurisdiction or the action will be dismissed.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 22, 2025